IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. | : | |
| BENTLEY A. HOLLANDER | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 09-5507 |
| MTD PRODUCTS, INC. ET AL. | : | |

**SURRICK, J.**                                                                                      **AUGUST  9, 2011**

## MEMORANDUM

Presently before the Court are Defendant MTD Products Inc.'s Motion to Stay[1] (ECF No. 20) and MTD's Motion to Transfer Venue to the District of Arizona (ECF No. 19).  For the following reasons, the Motion to Transfer will be granted.

**I.    BACKGROUND**

Plaintiff Dr. Bentley A. Hollander filed this lawsuit as a *qui tam* relator on behalf of the United States pursuant to 35 U.S.C. § 292(b), alleging the false patent marking of U.S. Patent Number 4,651,422 ("'422 patent").  Plaintiff alleges false patent marking on 214 separate products, as well as the unlawful use of the '422 patent marking in Defendants' advertising.  Plaintiff contends that the '422 patent expired on March 24, 2004, and that despite this, Defendants continued to affix the expired patent number to their products, in violation of 35 U.S.C. § 292(a).

Plaintiff is a resident of Philadelphia, Pennsylvania.  (Compl. ¶ 4, ECF No. 1.)  Defendant

---

[1] The Motion to Stay requests a stay of all proceedings pending the resolution of two cases in the Federal Circuit:  *Stauffer v. Brooks Brothers, Inc.*, 619 F.3d 1321 (Fed. Cir. 2010); and *Pequignot v. Solo Cup Co.*, 608 F.3d 1356 (Fed. Cir. 2010).  Both *Stauffer* and *Pequignot* have now been decided by the Federal Circuit.  Accordingly, the Motion to Stay will be dismissed as moot.

MTD Products, Inc., is a Delaware corporation with its principal place of business in Valley City, Ohio. (Clouse Decl. ¶ 3, ECF No. 19, Ex. 1.) Defendant MTD Southwest, Inc. ("SW"), is a Delaware corporation with its principal place of business in Tempe, Arizona. (*Id*. at ¶ 2.) SW is a wholly-owned, indirect subsidiary of MTD. (*Id*. at ¶ 3.) SW was joined as a Defendant by stipulation of the parties. (ECF No. 31.) SW is the manufacturer that marked the accused products with the '422 patent number. (Clouse Decl. ¶ 7.) SW manufactured and marked the accused products in the Phoenix, Arizona area until October of 2008, at which time the work was transferred to Nogales, Mexico. (*Id*.)

## II.     LEGAL STANDARD

Section 1404(a) of Title 28 governs the transfer of a case where both the original and the requested venue are proper. Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Id.*; *see also Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007) (noting that § 1404(a) transfers are discretionary and are based on the convenience of the parties). Once it is determined that venue is proper in another district, the court must consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (quoting 15 Charles Alan Wright et al., Fed. Practice & Procedure § 3847 (3d ed. 2011) (internal quotation marks omitted)).

In *Jumara*, the Third Circuit outlined six private factors and six public factors that courts should consider in determining whether the interests of justice are best served by transfer. The private factors include: (1) plaintiff's choice of forum; (2) defendant's choice of forum; (3) where

the claim arose; (4) convenience of the parties as indicated by their relative physical and financial condition; (5) convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records, similarly limited to the extent that the files could not be produced in the alternate forum. *Jumara*, 55 F.3d at 879. The public factors include: (1) enforceability of the judgment; (2) practical considerations that could make trial easier, more expeditious, or less expensive; (3) relative court congestion of the two fora; (4) any local interest in deciding local controversies at home; (5) any public policies of the fora; and (6) the judge's familiarity with the applicable state law. *Id.* at 879-80.

### III.   ANALYSIS

#### A.   Private Factors

##### 1.   *Plaintiff's Choice of Forum*

Plaintiff contends that a plaintiff's choice of forum is entitled to "paramount consideration" and should rarely be disturbed. (Pl.'s Resp. 5, ECF No. 22 (quoting *Jumara*, 55 F.3d at 879).) Ordinarily, in a § 1404(a) analysis, the plaintiff's choice of forum is afforded substantial weight. *Jumara*, 55 F.3d at 879. However, when the forum has little connection with the operative facts of the lawsuit, it receives significantly less deference. *Wallace v. Mercantile Cnty. Bank*, No. 06-3974, 2006 WL 3302490, at *5 (E.D. Pa. Nov. 9, 2006). In this case, the alleged false patent marking occurred in Arizona until 2008, when it was transferred to Mexico. The witnesses and documents related to the patent and patent-marking procedure are located in Arizona and Ohio. The products were distributed throughout the United States.

The only connection to this district appears to be Hollander. Hollander resides in

3

Philadelphia and chose to file suit here.² It is important to note here that Hollander is a *qui tam* relator in this action and that the real party in interest is the United States. *See Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773-74 (2000) (a *qui tam* relator has standing as assignee of the interests of the United States). This action could have been brought on behalf of the United States in any forum where MTD conducts business. Given the fact that the real party in interest is the United States, and Hollander is seeking to enforce the interests of the federal government, the deference normally granted to Plaintiff's choice of forum is diminished. *See, e.g.*, *United States v. Ohio Art Co.*, No. 10-0230, 2010 WL 3155160, at *2 (W.D. Pa. July 30, 2010); *United States ex rel. Kairos Scientia, Inc. v. Zinsser, Co.*, No 10-0383, 2011 WL 127852, at *3 (N.D. Ohio Jan. 14, 2011); *United States ex rel. Adrian v. Regents of Univ. of Cal.*, No. 99-3864, 2002 WL 334915, at *3 (N.D. Cal. Feb. 25, 2002). The connection of the lawsuit to this district can best be described as tangential. As a result, Hollander's choice of forum receives significantly less deference.

        2.      *The Convenience of the Witnesses*

The convenience of the witnesses is relevant to the extent the witnesses would be unavailable in one of the fora. *Jumara*, 55 F.3d at 879. Federal Rule of Civil Procedure 45(b)(2) limits the ability to subpoena non-parties to persons residing within the forum state or within 100

---

² We note that this *qui tam* action is one of at least eight such actions that Plaintiff has filed in this district in 2010. *See Hollander v. B. Braun Med., Inc.*, No. 10-0835 (E.D. Pa. Mar. 1, 2010); *Hollander v. Ortho-McNeil-Janssen Pharm., Inc.*, No. 02-0836 (E.D. Pa. Mar. 1, 2010); *Hollander v. Ranbaxy Labs. Inc.*, No. 10-0793 (E.D. Pa. Feb. 23, 2010); *Hollander v. Etymotic Research, Inc.*, No. 10-0526 (E.D. Pa. Feb. 5, 2010); *Hollander v. EUSA Pharma (USA), Inc.*, No. 10-0492 (E.D. Pa. Feb. 2, 2010); *Hollander v. Timex Grp. USA, Inc.*, No. 10-0429 (E.D. Pa. Jan. 29, 2010); *Hollander v. Hospira, Inc.*, No. 10-0235 (E.D. Pa. Jan. 19, 2010). A motion to transfer has been granted in at least one of these cases. *See Hollander v. Hospira, Inc.*, No. 10-0235, 2010 WL 4751669, at *1 (E.D. Pa. Nov. 22, 2010).

miles of the courthouse.  The only person identified as a possible witness who could not be compelled to appear in both fora is Bart Cable.  Cable was SW's publication manager who oversaw the individuals at SW who were responsible for the content of the user manuals that contained the '422 patent marking.  Cable no longer works for SW or MTD and currently resides in Chandler, Arizona.  Under Rule 45(c)(3)(A)(ii) any subpoena served on Cable to compel his appearance in the Eastern District of Pennsylvania could be quashed.  However, if the case were transferred to the District of Arizona, Cable could be subpoenaed to appear.  Plaintiff does not address the availability of Cable in its Brief in Opposition to the Motion to Transfer.  Plaintiff simply argues that MTD has not demonstrated that the proposed witness's testimony would be material.  We believe that Cable's position as the person responsible for the content of the user manuals containing the alleged false markings is sufficient to find that his testimony would be material.  This factor weighs in favor of transfer.

        3.      Other Private Factors

The Defendants' choice of forum is considered as part of the private-factor analysis.  Defendants' stated choice of forum is the District of Arizona.  In addition, where the claim arose weighs in favor of transfer.  The language of 35 U.S.C. § 292(a) provides that the act of affixing a patent number to an unpatented product is unlawful.  The alleged unlawful conduct in this case occurred in Arizona and not the Eastern District of Pennsylvania.  *See Forest Grp., Inc. v. Bon Tool, Co.*, 590 F.3d 1295, 1303 (Fed. Cir. 2009) (noting that false patent marking injuries occur each time an article is falsely marked).  This factor therefore favors transfer to Arizona.

The convenience of the parties would appear to be a neutral factor here since neither party has asserted the inability to try the case in either fora.  Moreover, neither party has raised issues

related to the production of relevant books and documents in either fora. This factor appears to be neutral as well.

    **B.**    **Public Factors**

        *1.*    *Court Congestion*

Defendants argue that the Eastern District of Pennsylvania is far more congested than the District of Arizona. (Def.'s Mot. Transfer 12). Defendants cite the 2009 Judicial Caseload Profile to support this assertion. Defendants point out that the Eastern District of Pennsylvania had 65,312 actions pending as of September 30, 2009, a per judgeship average of 2,969. (Def.'s Mot. Transfer Ex. 3). In contrast, the District of Arizona had only 5,810 cases pending for a per judgeship average of 447. (Id.)

It is beyond dispute that statistically there are more cases pending in the Eastern District of Pennsylvania than in the District of Arizona. One of the reasons for this, however, is the multi-district litigation that is assigned in this court. This includes the asbestos litigation. The more appropriate numbers to consider in assessing court congestion are the average time from filing to disposition of cases and the average time from filing to trial. *See Plastic Suppliers, Inc. v. Cenveo, Inc.*, No. 10-0512, 2011 WL 196887, at *4 (N.D.N.Y. 2011); *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010) (stating the most relevant statistics are median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge). As of September 30, 2009, the average time from filing to disposition in the Eastern District of Pennsylvania was 13.2 months, while the average time from filing to disposition in the District of Arizona was 8.1 months. (Def.'s Mot. Transfer Ex. 3). The average time from filing to trial in the Eastern District of Pennsylvania was 22.7 months,

while the average time from filing to trial in the District of Arizona was 29 months. (*Id.*) Given the fact that this district is more efficient in proceeding from filing to trial, but the District of Arizona disposes of cases more quickly, a consideration of relative court congestion favors neither forum.

        2.    *Other Public Factors*

Practical considerations to make trial easier, more expeditious, or less expensive favor transfer to Arizona. The majority of the relevant witnesses and documents are currently in Arizona. The lone connection to the Eastern District of Pennsylvania is Hollander. Other than Hollander, neither party has named any witnesses, documents, or records located in this district.

Public policy, local interest, and judge's familiarity with state law carry little weight in our analysis. False patent marking is an activity of national interest and we are aware of no public policy or interest that would favor one forum over the other. Furthermore, jurisdiction in this case is based solely on federal-question jurisdiction and there are no supplemental state-law claims. The trial judge's familiarity with applicable state law therefore is of little consequence in the transfer analysis.

**C.**    **Venue Discovery**

Plaintiff requests that he be permitted to take discovery regarding the materiality of Defendants' witnesses' testimony and their availability for trial in this district. (Pl.'s Resp. 12.) Plaintiff conditions this request on a finding by this Court that the convenience of the witnesses is the dispositive factor in favor of transferring this action to the District of Arizona. (*Id.*) Our conclusion that transfer is appropriate is based on a balancing of all the factors set forth in *Jumara* rather than just the convenience of the witnesses. Even if it were otherwise, however, venue

discovery is inappropriate here.

A party can meet its evidentiary burden on a motion to transfer by submitting "affidavits, depositions, stipulations, or other documents containing facts that would tend to establish the necessary elements for a transfer under 28 U.S.C. § 1404(a)." *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756-57 (3d Cir. 1973). In addition, "[t]he party seeking the 1404(a) transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." *Austin v. Johns-Manville Corp.*, 524 F. Supp. 1166, 1169 (E.D. Pa. 1981).

Defendants have met their evidentiary burden here. Defendants have submitted a declaration that lists the witnesses that are likely to have information in this matter, their location, and their position or other basis for knowing material information. (Clouse Decl. ¶¶ 11-16.) We will not subject Defendants and their witnesses to the expense and inconvenience of venue discovery based upon this record. Plaintiff's request for venue discovery is therefore denied.

### III.   CONCLUSION

The only connection that this case has with the Eastern District of Pennsylvania is the Relator's decision to file suit here. After a careful examination of the *Jumara* factors, we are satisfied that the interests of justice, fairness, and convenience clearly favor a transfer to the District of Arizona. For this reason, the case is transferred to the District of Arizona.

An appropriate Order follows.

                                                      **BY THE COURT:**

                                                      **R. BARCLAY SURRICK, J.**